UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DESIGN BASICS LLC,

        Plaintiff,

  v.                                                      Case No. 14-CV-597

BEST BUILT INC and CRAIG A. KASSNER,

        Defendants,

SECURA INSURANCE, A MUTUAL COMPANY and
ACUITY A MUTUAL INSURANCE COMPANY,

        Intervenor-Defendants.

---

## DECISION AND ORDER

---

Plaintiff Design Basics LLC filed this action alleging copyright infringement against several defendants, including the only remaining defendants Best Built Inc. and Best Built's vice president, Craig Kassner. Before the court is a motion to compel filed by Plaintiff, a motion for summary judgment filed by Best Built and Kassner (together "Best Built"), and motions for summary judgment filed by each of the above-named intervening insurance companies (together, the "Insurers"). As explained below, the motion to compel will be granted, Best Built's motion for summary judgment will be denied, and the Insurers' motions for summary judgment will each be granted.

## BACKGROUND

Plaintiff filed this action for copyright infringement against Best Built, Craig Kassner, Steven Kassner, Steven Kassner Construction Inc., and Hansen Development Corp. on May 22, 2014.

Plaintiff is the owner of many registered copyrights in architectural works, including works it calls "Bancroft," "Monterey," "Tyndale," "Laverton," "Paterson," and "Plainview," each of which was registered with the U.S. Copyright Office from 1988–1992.

The key allegations in Plaintiff's complaint are that on May 25, 2011, Plaintiff discovered that Best Built, which is engaged in the business of marketing, constructing and selling homes, had been infringing the above copyrights by displaying the copyrighted designs on Best Built's website; that Plaintiff checked its records and confirmed that Best Built had never obtained a license to use any of the works; that from 1992–2000, Steven Kassner and Steven Kassner Construction (SKC) had ordered a total of 52 plan books that contained the infringed designs; that neither Steven Kassner nor SKC purchased a license for any of Plaintiff's works; and that, on information and belief, Steven Kassner and SKC worked closely with Best Built and transferred the designs at issue to Best Built. Compl. ¶¶ 16–18, ECF No. 1. The complaint also alleged on information and belief that Best Built has constructed actual homes constituting derivatives of the copyrighted works and further that Best Built has "infringed the copyrights in other original architectural works of DB, the scope and breadth of which infringing activities will be ascertained during the course of discovery." *Id.* ¶¶ 20–21, 26. Based on these basic allegations, Plaintiff asserted numerous alternative counts of willful and non-willful copyright infringement under 17 U.S.C. § 106 and one count for violating the Digital Millennium Copyright Act, 17 U.S.C. § 1202.

Plaintiff filed an amended complaint on October 1, 2014 that further alleged that after being granted access to Steven Kassner and SKC's records, Plaintiff discovered that these entities had constructed four homes infringing the copyrights above as well as one home infringing an additional 1992 copyright held by Plaintiff called "Winchester." Am. Compl. ¶¶ 19–20, ECF No. 38. By June

2

2015, after several insurance companies had been allowed to intervene in the case, Steven Kassner, SKC, and Hansen Development Corp. were dismissed on the stipulation of the parties.

Plaintiff was not given similar access to Best Built's records. Instead, in response to a broad discovery request in which Plaintiff essentially requested production of a complete set of all house plans from 2000 to present, Best Built produced only seven designs relating to the copyrights specifically identified in the complaint and otherwise objected to Plaintiff's request on overbreadth and other grounds, discussed below. After counsel exchanged obligatory emails (one each), Plaintiff filed a motion to compel.

In the meantime—i.e., during the discovery standstill between Plaintiff's request in August 2015 and Plaintiff's motion to compel filed in November 2015—Best Built filed a motion for summary judgment and the Insurers filed motions for summary judgment. Best Built asserts that it is entitled to summary judgment because (1) Plaintiff's claims against it are subject to a release of liability Plaintiff included in a settlement agreement with another entity in 2011 and (2) Plaintiff's claims are barred under the three-year statute of limitations for copyright infringement actions. The Insurers, each of which are defending their insureds Best Built and Craig Kassner under a reservation of rights, seek declarations that they owe no duty to defend or indemnify against Plaintiff's claims. The details pertinent to the Insurers' motions are discussed below.

**ANALYSIS**

**I.     Motion to Compel**

"District courts have broad discretion in matters relating to discovery. . . . Before restricting discovery, the court should consider the totality of the circumstances, weighing the value of the

3

material sought against the burden of providing it, and taking into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (internal quotations omitted). Recently-amended Rule 26(b)(1) provides in relevant part: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[1] A party may seek to compel discovery if the opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a).

Here, Plaintiff requested Best Built produce "[a] complete set of all house plans, drawings . . . preliminary designs, and final construction documents . . . for each of Defendants' plans and derivatives, whether constructed or not for years 2000 through the present." Plaintiff argues this broad request is warranted given the specific instances of infringement Plaintiff discovered on Best Built's website in May 2011, as well as additional information indicating that Best Built was advertising many of the same copyrighted designs on its website since at least 2001. In short, Plaintiff asserts that given the specific evidence of infringement, Plaintiff has a "toehold" on Best Built and is entitled to explore "how deep the rot runs."

---

[1] Amended Rule 26(b) is effective in actions commenced after December 1, 2015 and for actions then pending "insofar as just and practicable." Supreme Court Order of April 29, 2015.

4

Best Built responded to Plaintiff's discovery request by producing seven designs relating to the particular copyrights specified in the complaint and otherwise objecting. Grounds for Best Built's objection included, perhaps understandingly, overbreadth, but also included, nonsensically, that Plaintiff's request seeks expert or legal opinion of lay entities. Best Built also stated in its response to Plaintiff's request that Best Built does not have access to most of the documents Plaintiff seeks because the request relates "primarily to the creation of the plans at issue" and, according to Best Built, the infringing plans were created by another entity and bought unknowingly by Best Built. That Best Built bought the plans at issue from a company called Hoida Lumber & Components Inc. is the basis for Best Built's motion for summary judgment, as discussed below. But this fact, even if true, does not warrant Best Built's objection because Plaintiff's request is in no way limited to "the creation of the plans at issue."

In its response to the motion to compel Best Built argues that it has produced all the information in its possession that relates to the six designs specifically noted in the complaint. Because the complaint does not contain allegations of infringement of any other specific plans, Best Built argues any other documents responsive to Plaintiff's broad request are not relevant to this case. This is not true. As noted above, the complaint alleges infringement of six specific designs as well as of other original works of Plaintiff's to be ascertained during discovery. Am. Compl. ¶ 26. Best Built argues that this "catchall allegation" fails the plausibility pleading requirement of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and thus Plaintiff is not entitled to discovery related to this allegation.

The court disagrees. Although the allegation would clearly be deficient all by itself, it is accompanied by specific allegations of infringement of six specific copyrights. In the words of

5

*Twombly*, the complaint includes enough specific allegations of infringement "to raise a reasonable expectation that discovery will reveal evidence of" infringement of "other" designs as well. 550 U.S. at 556.

It is true that Plaintiff's request is very broad. Citing the amended version of Rule 26(b), Best Built argues Plaintiff's request for all home plans from 2000 to present is not "proportional to the needs of the case." But Best Built fails to explain why allowing Plaintiff to inspect its entire inventory of designs (as Steven Kassner and SKC apparently did) would be unduly burdensome. "All discovery requests are a burden on the party who must respond thereto. . . . Bare assertions that the discovery requested is overly broad, burdensome, oppressive or irrelevant are ordinarily insufficient, standing alone, to bar production. It is therefore [the responding party's] burden . . . to clarify and explain how each discovery request is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome." *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 684–85 (D. Kan. 1991) (internal citations omitted). And the amendment of Rule 26(b) to make the proportionality requirement explicit does not relieve the responding party of the burden to explain how a discovery request is burdensome. *See* Fed. R. Civ. P. 26 Adv. Comm. Note to 2015 Amendment ("Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional."). Here, Best Built merely states that "[r]esponding to such a voluminous request would take weeks." Br. in Opp. 3, ECF No. 115. Accordingly, given only Best Built's bare assertion that the request is not proportional, there is no basis for denying the request for relevant materials. The motion to compel will therefore be granted.

6

## II. Best Built's Motion for Summary Judgment

Best Built moves for summary judgment based on (1) a release of liability included in a settlement agreement entered into by Plaintiff and another entity, ProBuild Company LLC, and (2) the three-year statute of limitations applicable to copyright infringement claims. Unfortunately, both arguments are premature given the outstanding discovery dispute. With respect to the release Best Built relies on, it does appear to cover at least some part of Plaintiff's claims against Best Built. Plaintiff released "all rights, claims, demands, damages, actions, and causes of action whatsoever, known or unknown, whether actual or potential, that [it] may have against any customer of ProBuild or ProBuild's predecessors" and the company from which Best Built bought the designs, Hoida, is apparently a predecessor of ProBuild, making Best Built a customer of ProBuild's predecessor. *See* Pl.'s Obj. and Resp. to Defs.' Request to Admit and Interrog. at Request to Admit No. 3, Ex. A to Aff. Daniel J. Hurst, ECF No. 85-1 at 2. However, the release only applies "to the extent such rights, claims, demands, damages, actions or causes of action arise from or relate to ProBuild or its predecessor having drawn a home plan for that customer prior to the Effective Date [of September 12, 2011]." To prove that the release applies here, Craig Kassner, Best Built's vice president, states that he has "no reason to believe that any of the allegedly infringing architectural plans that are the subject of this lawsuit were acquired from any source other than from Hoida prior to September 12, 2011." Aff. of Craig Kassner ¶ 6, ECF No. 86.

But until Best Built properly responds to Plaintiff's discover request, we do not even know all of the plans that are "the subject of this suit." Moreover, Plaintiffs allege that SKC ordered 52 of Design Basic's Design Books between 1992 and 2000 containing all of the designs Best Built is accused of infringing. If Best Built bought all of its designs from Hoida, then why did it buy Design

7

Books from Design Basics? Finally, if Best Built has used designs bought from Hoida before the effective date of the settlement agreement to build homes constructed after the effective date, a claim for infringement based on such a home would accrue after the effective date, and thus arguably falls outside the scope of the release. Indeed, a separate provision of the settlement (paragraph 7) appears to provide a license for such uses of Plaintiff's designs, provided certain conditions are met, indicating the release was not meant to apply to future claims.

With respect to the statute of limitations, the parties focus on the difficult question of whether the "discovery rule" applies under the relevant statute, which provides: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). In a case dealing with the question of whether the doctrine of laches can be invoked to bar a claim brought within the three-year limitations period, the Supreme Court has noted that although it had not yet passed on the question, "nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a 'discovery rule,' which starts the limitations period [for copyright infringement claims] when the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, --- U.S. --- , 134 S. Ct. 1962, 1969 n.4 (2014) (quotations omitted). The Seventh Circuit is one of those courts. *See Gaiman v. McFarlane*, 360 F.3d 644, 653 (7th Cir. 2004) ("The parties also rightly agree that the copyright statute of limitations starts to run when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his rights"); *Panoramic Stock Images, Ltd v. McGraw Hill Glob. Educ. Holdings, LLC*, No. 12 C 9881, 2014 WL 6685454, at *3 (N.D. Ill. Nov. 25, 2014) ("Until the Seventh Circuits holds otherwise, this court concludes that the discovery rule is still the law of this circuit."). Although an argument can be made that dicta

8

in *Petrella* abrogated the discovery rule in copyright cases, *see Chicago Bldg. Design P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 618 (7th Cir. 2014), even if the court were to find that to be true, we do not yet know whether any of Best Built's acts of alleged infringement occurred within the three-year look-back period, which would appear to be actionable under the incident of injury rule (although mere harm from a continuing violation that began before the look-back period would not be actionable, *see id.* at 615 [distinguishing separately accruing harm and continuation violation doctrine]).

In short, Best Built cannot file an evasive discovery response and then seek summary judgment on an incomplete factual record. While in some situations a defendant will prevail on summary judgment by simply pointing to a lack of evidence as to an essential element of the plaintiff's case (*Spierer v. Rossman*, 798 F.3d 502, 507–09 (7th Cir. 2015)), Best Built bears the burden of establishing a defense based on a release or the statute of limitations, and it has not met that burden here given what we still do not know about this case.

### III. Insurers' Motions for Summary Judgment

The Insurers seek declaratory relief that they owe no duty to defend or indemnify their named insureds, Best Built and Craig Kassner. Each of the Insurers have moved for summary judgment on the basis that each of the policies they issued their insureds contains an exclusion of coverage for advertising injury arising out of material first published before the respective policy period began. Summary judgment is proper when the record demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

9

The parties agree Wisconsin law governs the substantive issue. Generally, "a liability insurer must defend a suit against its insured if the allegations in the underlying complaint raise the possibility of coverage under the terms of the insurance policy." *Lucterhand v. Granite Microsystems, Inc.*, 564 F.3d 809, 811–12 (7th Cir. 2009) (citing *Estate of Sustache v. Am. Family Mut. Ins. Co.*, 2008 WI 87, ¶ 20, 311 Wis. 2d 548, 751 N.W.2d 845). The court is not always constrained to only those allegations in the complaint, however:

> When an insurer contests coverage but invokes its option to provide a defense to the insured under a reservation of rights, it remains entitled to a determination of its defense obligation separate from a determination on the merits. This option is typically exercised when the underlying complaint states an arguably covered claim. In that situation, where the insurer has satisfied its initial duty to defend by providing counsel to its insured and seeks a judicial determination of its continued defense obligation, Wisconsin permits introduction of extrinsic evidence where appropriate to the resolution of the coverage question.

*Id.* at 812 n.2 (internal citations omitted) (citing *Sustache*, 2008 WI 87, ¶¶ 25–29).

Secura issued five commercial general liability insurance (CGL) policies and five umbrella policies to Best Built in effect on an annual basis from 2008 to 2013. Acuity issued similar such policies in effect from 2006 to 2008 and from 2013 to 2016. All of the policies provide coverage for damages caused by "personal and advertising injury," but exclude coverage for such injury "arising out of oral or written publication of material those first publication took place before the beginning of the policy period." It is undisputed that Best Built first marketed the specific designs alleged to have been infringed in this case in 1997 or 1998 and first advertised the designs on its website in 2003. Based on these undisputed facts, the Insurers argue the plain language of the prior publication exclusion applies.

10

In response, Best Built argues it is premature to determine whether the Insurers have a duty to defend or indemnify and Best Built requests that the Insurers' motions be denied under Rule 56(d). Rule 56(d) "authorizes a district court to refuse to grant a motion for summary judgment or to continue its ruling on such a motion pending further discovery if the nonmovant submits an affidavit demonstrating why it cannot yet present facts sufficient to justify its opposition to the motion." *Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). Specifically, Best Built argues they cannot adequately respond to the Insurers' motions until the court has ruled on Plaintiff's motion to compel and, assuming the court were to grant it (as it now has), until after Plaintiff has an opportunity to discover whether there are additional instances of infringement that may have occurred within the policy periods, but which would not be subject to the prior publication exclusion.

Plaintiff also responds that the Insurers' motions should be denied under Rule 56(d) and because Plaintiff argues the Insurers' reliance on the prior publication exclusion ignores the separate-accrual rule of copyright law. Pl.'s Opp. Br. 12, ECF No. 119. Plaintiff submits evidence purporting to show that the infringement continued into the policy periods at issue. *Id.* at 14. The evidence consists of "screen shots" of Best Built's website in 2006, 2009, 2010, 2011 and 2012, retrieved via the digital archive "Wayback Machine," which supposedly enables users to see archived versions of Internet web pages across time. Exs. B & C to Pl.'s Prop. Findings of Fact, ECF Nos. 120-2 & 120-3. Based on this evidence and the separate-accrual rule, discussed by the Supreme Court in *Petrella*, Plaintiff argues:

> The fact that Defendants may have advertised these infringing works prior to Secura's and Acuity's policy periods will have no effect on Secura's and Acuity's duty to defend the Defendants in this action regarding the separate infringing activities which took place during the relevant policy periods. While it may be logical in that an infringing act that an insured commits prior to the policy inception is

11

> excluded from coverage, it does not follow that liability for separate and distinct infringing acts occurring after the policy is in place should also be excluded from coverage.

*Id.*

The court has recently addressed and rejected the same argument made by Plaintiff regarding the separate-accrual rule in another case brought by Design Basics LLC. *See Design Basics LLC v. Fox Cities Construction Corp. et al.*, No. 13-CV-548 (E.D. Wis. Feb. 9, 2016), ECF No. 60. In short, the mere fact that each re-production or successive distribution of the same infringing work is a "new wrong" for statute of limitations purposes does not mean that the later act escapes the prior publication exclusion. In fact, it is the very purpose of the prior publication to exclude damages for advertising injury arising out of infringing material published before the policy period and then re-published during the policy period. This is consistent with the purpose of insurance being to insure against risks (e.g. that an advertising campaign may infringe) rather than certainties (that publication of a particular work is infringement). *See Taco Bell Corp. v. Continental Cas. Co.*, 388 F.3d 1069, 1072–73 (7th Cir. 2004). Simply stated, as this court noted in the No. 13-CV-548 case, separate-accrual makes sense in the context of the statute of limitations, but it makes no sense in the insurance context.

The court is also not persuaded here by Best Built nor Plaintiff's Rule 56(d) argument. Invoking Rule 56(d) requires showing good cause for the failure to discover the necessary facts sooner and setting forth a plausible basis for believing that facts necessary to preclude summary judgment probably exist. *See Adorno v. Crowley Towing And Transp. Co.*, 443 F.3d 122, 127 (1st Cir. 2006). Here, Plaintiff and Best Built have essentially just pointed to the fact that Plaintiff's motion to compel was pending. Plaintiff filed this case on May 22, 2014. It was scheduled

September 3, 2014, with a discovery deadline of December 1, 2015. The Insurers moved for summary judgment on October 21, 2015. It was not until November 13, 2015 that Plaintiff filed its motion to compel, which of course was a function of the relatively late date it served its first request for production, August 17, 2015. Perhaps most significant, Plaintiff has not deposed any representative of Best Built. Based on these circumstances, I cannot find good cause for the parties' failure to have access to facts that would preclude summary judgment for the Insurers. Additionally, there is no reason to believe that further discovery will reveal evidence of infringement that would not be subject to the exclusion. In other words, although the court will not make assumptions about the discovery that has yet to be conducted for purposes of Best Built's affirmative defenses, the court concludes based on the little evidence that has been produced in this case that there is little probability that further discovery will reveal evidence of fresh wrongs rather than mere re-publications of the designs Best Built began infringing before the policy periods began.

In the event that additional discovery does uncover new evidence of infringement during a policy period that is not excluded, the parties can litigate those issues if and when they arise. For the reasons above, however, the Insurers' motions for summary judgment will be granted.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's motion to compel is **GRANTED** and Best Built is ordered to produce to Plaintiff all records relating to plans for each of Best Built's home plans and derivatives, whether constructed or not for years 2000 through the present.

**IT IS FURTHER ORDERED** that Best Built's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that Acuity's and Secura's motions for summary judgment

13

are **GRANTED**. The Clerk of Court is directed to enter Judgement declaring that neither Acuity nor Secura has a duty to defend or indemnify the defendants against any of the allegations in the amended complaint. Further, finding no just reason for delay, the Court directs the Clerk to enter Judgement forthwith.

The Clerk is also directed to place this matter on the court's calendar to discuss scheduling.

Dated this   15th   day of March, 2016.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court