UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS, LLC and
PLAN PROS, INC.,

        Plaintiffs,

  v.                                              Case No. 14-CV-0597

BEST BUILT, INC., et al.,

        Defendants.

## DECISION AND ORDER

On May 19, 2016, Design Basics, LLC and Plan Pros, Inc. (collectively Plaintiffs), filed a third amended complaint against Best Built, Inc., Craig A. Kassner, and VHC, Inc. (ECF No. 135.) The third amended complaint alleges copyright infringement against the defendants. On August 1, 2016, VHC moved to dismiss the claims against it for failure to state a claim upon which relief can be granted. (ECF No. 140.) VHC argued Plaintiffs' allegations failed to state a claim of joint, contributory, or vicarious copyright infringement.

Design Basics' complaint contains one factual allegation against VHC:

Upon information and belief, the Defendant VHC owns all the shares in the Defendant Corporation, Best Built, and is the parent company to Best Built. Upon information and belief, VHC had the right and ability to supervise Best Built's infringing activities and/or directly benefitted therefrom by providing development, management, appraisal, advertising, marketing, sales and/or other services in furtherance of Best Built's marketing, construction, and/or sales of said infringing houses. Accordingly, VHC is liable to Plaintiffs as a joint and/or contributory infringer, or is otherwise vicariously liable.

(Compl. ¶ 26.) This paragraph is not sufficient to state a claim for joint, contributory, or vicarious infringement. Accordingly, VHC's motion to dismiss is granted.

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, it must plead "more than labels and conclusions." *Id.* A simple, "formulaic recitation of the elements of a cause of action will not do." *Id.* A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In evaluating a motion to dismiss, the court must view the plaintiff's factual allegations and any inferences reasonably drawn from them in a light most favorable to the plaintiff. *Yasak v. Retirement Bd. of the Policemen's Annuity & Benefit Fund of Chi.*, 357 F.3d 677, 678 (7th Cir. 2004).

To state a claim for vicarious infringement, the complaint must allege that the defendant "has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Hard Rock Café Licensing v. Concession Servs.*, 955 F.2d 1143, 1150 (7th Cir. 1992) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)). As the sole shareholder of Best Built, VHC likely benefits financially from Best Built's profits. The issue in this case appears to be whether VHC's total ownership of Best Built, in and of itself, establishes that VHC had "the right and ability to supervise the infringing activity." Neither the Seventh Circuit nor a court in this district has specifically confronted this issue. *See Burdick v. Koerner*, 988 F.Supp. 1206, 1210 (E.D. Wis. 1998) (concluding that in order to establish vicarious

2

copyright infringement, "a plaintiff must introduce evidence beyond a defendant's membership on a board of directors" to establish that he or she had the right and ability to control the actions of the corporation).

Instead, Plaintiffs rely on *Broadcast Music, Inc. v. Hartmarx Corp.*, an unpublished decision from the Northern District of Illinois, for the proposition that a parent corporation has the right and ability to supervise its subsidiaries, "based on the legal relationship between the entities." No. 88-C-2856, 1988 WL 128691, *3 (N.D. Ill. Oct. 23, 1988). As VHC points out, however, courts have declined to adopt *Broadcast Music*'s holding. *See, e.g.*, *UMG Recordings, Inc. v. Veoh Networks Inc.*, No. CV 07-5744 AHM, 2009 WL 334022, *5 (C.D. Cal. Feb. 2, 2009) (noting that *Broadcast Music* is unpersuasive when deciding a motion to dismiss because the court treated the motion as a motion for summary judgment and accordingly took facts reflected in affidavits into account); *Goes Lithography Co. v. Banta Corp.*, 26 F. Supp. 2d 1042, 1045 (N.D. Ill. 1998) (holding that the plaintiff must allege "facts which show a continuing connection between the parent and the subsidiary to the infringing activities to make out a case for vicarious liability"); *Banff Ltd. v. Limited, Inc.*, 869 F.Supp. 1103, 1110 (S.D.N.Y. 1994) (finding that the plaintiff must present evidence that the parent corporation "has done more in relation to the infringing activity than simply be the parent"). Moreover, the Northern District of Illinois has since held that the plaintiff must allege more than "the mere ownership and operation" but less than "'pervasive participation' in the infringing activity" to sufficiently plead the element of right and ability to supervise. *Flava Works, Inc. v. Gunter*, No. 10-C-6517, 2011 WL 1791557, *5 (N.D. Ill. May 10, 2011).

I find the reasoning of these cases persuasive. Adopting *Broadcast Music*'s holding would result in every parent corporation being liable for the acts of the subsidiary solely because of the

3

parent-subsidiary relationship. *See Banff Ltd.*, 869 F.Supp. at 1108. This contravenes the settled principles of corporate law. *United States v. Bestfoods*, 524 U.S. 51, 61 (1998) ("It is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries."). The plaintiff must plead facts beyond the mere legal relationship showing that the parent corporation is directly responsible for the subsidiaries infringing activity. I therefore conclude that Plaintiffs did not adequately plead a vicarious infringement claim.

Contributory infringement is "personal conduct that encourages or assists the infringement" with knowledge of the infringing activity. *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757 (7th Cir. 2012) (citing *Matthew Bender & Co. v. West Publ'g Co.*, 158 F.3d 693, 706 (2d Cir. 1998)). To state a claim for contributory infringement, the plaintiff must plead (1) a third party directly infringed on a copyrighted work; (2) the defendant knew of the infringement; and (3) the defendant materially contributed to the infringement. *Monotype Imaging, Inc. v. Bitstream, Inc.*, 376 F. Supp. 2d 877, 884 (N.D. Ill. 2005); *see also Liberty Media Holdings, LLC v. Swarm of Nov. 27, 2010 to Jan. 31, 2011*, No. 11-C-394, 2011 WL 1740181, *2 (E.D. Wis. May 3, 2011). Knowledge encompasses both actual and constructive knowledge. *In re Aimster Copyright Litig.*, 334 F.3d 643, 650 (7th Cir. 2003).

The pleadings must be construed in the light most favorable to Plaintiffs, the nonmoving party. Plaintiffs' allegations, however, are insufficient to assert a claim of contributory infringement. If it cannot be assumed that a parent corporation has day-to-day control over its subsidiary, then it follows that the parent's knowledge of its subsidiary's direct infringement cannot be implied.

4

Plaintiffs did not plead that VHC had actual or constructive knowledge of Best Built's infringing conduct. Accordingly, Plaintiffs failed to state a claim for contributory infringement.

Therefore, VHC, Inc.'s motion to dismiss is **GRANTED.** Plaintiffs' claims against VHC, Inc. are hereby dismissed. The remainder of the case will proceed subject to the scheduling order previously entered in this case.

**SO ORDERED** this   7th   day of September, 2016.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court