UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DESIGN BASICS LLC, et al.,

              Plaintiffs,

    v.                                Case No. 14-C-597

BEST BUILT INC., et al.,

              Defendants.

## DECISION AND ORDER

On December 8, 2016, the court issued an order granting-in-part and denying-in-part Plaintiffs' motion for summary judgment and denying Defendants' motion for summary judgment. This matter is now before the court on Defendants' motion to alter the judgment. The facts of the case are set forth in the court's order deciding the parties' motions for summary judgment and will not be repeated here. For the reasons below, Defendants' motion will be denied.

### LEGAL STANDARD

A Rule 59(e) motion may be granted where a party demonstrates the discovery of new evidence, an intervening change in the controlling law, or a "manifest error of law" by the court. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir. 1998). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F.Supp. 1063, 1069 (N.D. Ill. 1997)). The purpose of a Rule 59(e) motion is to enable a district court to correct its own errors and thus avoid unnecessary appellate procedures. *Divane v. Krull Elec. Co.*, 194 F.3d 845, 848 (7th Cir. 1999). But the motion

"is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263 (7th Cir. 1995). Nor should such a motion be used to present evidence that was available earlier or attempt to correct a party's own procedural errors. *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 730 (7th Cir. 1999); *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him."). As a result, Rule 59(e) motions should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). Defendants in this case move for reconsideration based on manifest errors of law.

## ANALYSIS

### A. ProBuild Settlement Agreement

Defendants argue summary judgment should be granted as to several of the allegedly infringing home designs based on the ProBuild Settlement Agreement (PSA) entered into between Design Basics and ProBuild. They argue that the December 8, 2016 decision is inconsistent with a previous order entered on March 15, 2016. In the March order, the court granted Plaintiff's motion to compel, denied Defendants' motion for summary judgment, and granted the intervening insurance companies' motions for summary judgment. ECF No. 129. Defendants argue in their current motion that the court "reversed field" from the March order by finding that Defendants failed to establish that Plaintiffs' claims against them are covered by the release. In support of their argument, they focus on the court's statement from the March order that "the release Best Built relies on . . . does appear to cover at least some part of Plaintiffs' claims against Best Built." ECF No. 129 at 7. But Defendants do not consider the court's ultimate conclusion that their arguments

2

were premature given the outstanding discovery they did not provide to Plaintiffs. At that stage, the factual record was incomplete, and the court could not make a definitive ruling. The December order, on the other hand, relied on a complete factual record. The court did not "reverse field"—it relied on the evidence (or lack thereof) to conclude that Defendants failed to establish that their allegedly infringing designs are covered by the release. ECF No. 184 at 15. Moreover, indicating that the release applies generally does not mean that Defendants have met the conditions of the release. The December order concludes that Defendants failed to put forth undisputed facts that they did.

Defendants further assert that the court committed "manifest error" by failing to apply the ordinary meaning of "pending lawsuit" to the PSA's terms. The PSA provides strict procedures and evidence requirements that defendants in "pending lawsuits" are required to follow to successfully assert that Plaintiffs' claims are covered by the release or license provisions. ECF No. 100-6 at 3–4 ("As concerns pending lawsuits, Design Basics and Prime Designs may deliver written notice to ProBuild . . . that identifies the defendants and the home plans at issue in that lawsuit. . . . If, within 60 days of receipt of such written notice from Design Basics or Prime Designs, ProBuild fails to provide such sufficient evidence, then, for any such home plan, the release provided in this paragraph 5 and the license provided in paragraph 7 below shall not apply with respect to that plan for that defendant."). Defendants argue that the phrase "pending lawsuit" is unambiguous and means "begun, but not yet completed; unsettled, undetermined; in process of settlement adjustment." Defs.' Br. at 5, ECF No. 186. Because their lawsuit was not pending at the time the PSA was signed, they argue that they are not required to comply with the procedures and evidence requirements set forth in the PSA.

3

Indeed, the definition of "pending lawsuit" is not ambiguous. Nevertheless, the PSA is silent as to when a lawsuit must be pending such that defendants are required to follow the release procedures—the terms of the PSA either apply to lawsuits pending at the time the PSA went into effect or to lawsuits that are pending, whenever filed, at the time the release is asserted as a defense. The court concluded that the interpretation of the contract's language must be consistent with what a reasonable person would understand the words to mean under the circumstances. *See Maryland Arms Ltd. P'ship v. Connell*, 2010 WI 64, ¶ 44, 326 Wis. 2d 300, 786 N.W.2d 15. As such, the court reasoned that

> To give effect to the intent of Design Basics and ProBuild, the contracting parties, the court finds that the 60-day notice and "sufficient evidence" requirements apply to lawsuits pending at the time the parties entered into the PSA as well as to lawsuits pending in the future. After all, the purpose of the PSA is to create a uniform, streamlined process for Design Basics and ProBuild to determine whether defendants in lawsuits brought by Design Basics qualify for the release or license. The PSA does not set forth specific procedures relating to the time and manner in which alleged infringers in future lawsuits are required to pursue to demonstrate that the release applies to their accused designs.

ECF No. 184 at 14–15. The court concluded that a reasonable interpretation of the PSA is that its provisions apply to all pending lawsuits, whenever filed. So interpreted, Defendants were required to follow the PSA's release procedures and substantial evidence requirements. Defendants were obligated to provide sufficient evidence establishing that they were eligible for the release within 60 days of ProBuild receiving notice from Design Basics of the pending lawsuit, a lawsuit that had begun but not yet completed, against Defendants. They failed to meet this deadline. Because Defendants did not follow the 60-day notice requirements, their remaining arguments for reconsideration are futile.

4

## B. Affirmative Defenses

Defendants further argue that the court committed manifest error by finding that Defendants did not properly preserve their affirmative defenses. The defendant bears the burden of proof on the affirmative defenses it chooses to assert. Defendants rely on Professor Greenstreet's expert report and Craig Kassner's declaration to suggest that they have evidence supporting their affirmative defenses. Yet, Defendants do not explain why these documents support their defenses. Judges are not "like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). It is not the court's job to sift through the record to find evidence and construct arguments to support a party's position. *Davis v. Carter*, 452 F.3d 686, 692 (7th Cir. 2006). Rather, it is the "advocate's job . . . to make it easy for the court to rule in his client's favor." *Dal Pozzo v. Basic Machinery Co.*, 463 F.3d 609, 613 (7th Cir. 2006). Defendants did not describe how the evidence supported their affirmative defenses. Their general reference to Professor Greenstreet's report without any specific argument waives their right to assert them. *See Argyropolus v. City of Alton*, 539 F.3d 724 (7th Cir. 2008) ("perfunctory and undeveloped" arguments are waived). Therefore, the court finds that reconsideration is unwarranted.

## CONCLUSION

Accordingly, Defendants' motion to alter judgment (ECF No. 185) is **DENIED**. Defendants' motion to restrict documents (ECF No. 187) is **GRANTED**.

**SO ORDERED** this __13th__ day of January, 2017.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

5